UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DOCKET NO. 04-30105-MAP

BOBBY T. BROWN, )
 )
      Plaintiff, )
 )
v. )
 )
F.L. ROBERTS & CO., INC. )
d/b/a JIFFY LUBE, )
 )
      Defendant. )

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**WITH JURY DEMAND**

**I.  INTRODUCTION**

Defendant F.L. Roberts & Co., Inc. d/b/a Jiffy Lube ("Jiffy Lube") relegated Plaintiff Bobby T. Brown to working in the Lower Bay Lube full-time, and out of the sight of customers, because, in compliance with his religious beliefs, he refused to shave or cut his hair as required by a new company policy. By failing to reasonably accommodate Mr. Brown's religious practice, Jiffy Lube discriminated against Mr. Brown, as compliance with its new policy on facial hair would have required Mr. Brown to violate, or forego, the practice of his religion as required by that religion. These acts and omissions were discriminatory and violated G.L. c. 151B, § 4, ¶ 1A, and 42 U.S.C. § 2000e-2, Title VII of the Civil Rights Act of 1964 ("Title VII").

**II.  PARTIES**

1.     Bobby T. Brown is a citizen of the United States who resides in Whately, Massachusetts.

1

2. F.L. Roberts & Co., Inc. d/b/a Jiffy Lube is a domestic for-profit corporation with its Massachusetts' principal place of business located at 93 West Broad Street, Springfield, Massachusetts. F.L. Roberts & Co., Inc. currently employs more than fifteen persons as employees.

### III. JURISDICTION

3. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampshire in the Commonwealth of Massachusetts, the plaintiff resides in the County of Franklin in the Commonwealth of Massachusetts, and the defendant conducts business in and has substantial business contacts in the Commonwealth of Massachusetts.

### IV. STATEMENT OF FACTS

5. Mr. Brown was hired by Jiffy Lube on or about July 16, 2001 as a Lube Technician, after having worked for Jiffy Lube in the few years prior to 2001.

6. Mr. Brown is a member of the Rastafarian religion.

7. According to the Rastafarian religion, hair on the face and head should remain uncut and unshaven.

8. In compliance with the Rastafarian religion, Mr. Brown does not cut his hair, including facial hair.

9. When Mr. Brown was hired by Jiffy Lube on or about July 16, 2001, he had a beard and moustache.

10. When Mr. Brown was hired by Jiffy Lube in 2001, his job entailed having customer contact on many occasions.

11. Mr. Brown had been trained in most of the job functions employees of the Jiffy Lube in Hadley, Massachusetts perform, and he was capable of performing a variety of tasks.

15. On or about January 7, 2002, Jiffy Lube issued a new Employee Handbook.

16. Page 21 of the Employee Handbook states that "[a]ll customer-contact employees are expected to be clean-shaven with no facial hair (no beards, goatees, or moustaches)."

17. The Employee Handbook also states that "[a]ny employee who does not meet the standards of this policy will be required to take corrective action, which may include leaving the premises. Any work time missed because of failure to comply with this policy will not be compensated, and violations of this policy may be cause for disciplinary action, up to and including termination."

18. On or about January 7, 2002, Jiffy Lube issued an Employee New Hire Packet which states that "[a]ll customer-contact employees are expected to be clean-shaven with no facial hair (no beards, goatees, or moustaches)."

19. Employees were allowed to have facial hair prior to the implementation of the new policy.

20. Prior to the implementation of the new policy requiring all customer-contact employees to be clean-shaven, Mr. Brown performed job duties that took place outside of the Lower Bay Lube and was allowed to have customer contact.

21. Mr. Brown met with Jiffy Lube management staff regarding the new policy.

22. Mr. Brown was asked to cut his hair and shave so that he would be in compliance with the new policy.

23. Mr. Brown refused to cut his hair or shave because it was against his religious beliefs, and because adhering to the new policy would require him to violate, or forego the practices of, his religion.

24. Mr. Brown therefore requested from the defendant an exemption or accommodation from the new policy because of his religion and its required practices.

25. In response to Mr. Brown's request for exemption, the defendant told Mr. Brown that if he did not cut his facial hair, he would have to work full-time in the Lower Bay Lube.

26. Because Mr. Brown refused to cut or shave, Jiffy Lube relegated him to working full-time in the Lower Bay Lube, in opposition to Mr. Brown's request for reasonable accommodation or exemption from the new policy, so that Mr. Brown would not have contact with customers.

27. Once the "no facial hair" policy was implemented, Mr. Brown was forbidden from having customer contact and was required to work only in the Lower Bay Lube.

28. The conditions of the Lower Bay Lube are worse than other work conditions at Jiffy Lube, and working in the Lower Bay Lube is a less desirable position than the Upper Bay Lube.

29. As a result of working alone for such long hours in the Lower Bay Lube, Mr. Brown did not have much contact with his co-workers.

30. During Mr. Brown's most recent tenure, no other employees at the Hadley Jiffy Lube were required to work only in the Lower Bay Lube.

31. Working in the Lower Bay Lube was a position that was normally rotated amongst all workers.

32. All other Jiffy Lube employees at the Hadley Jiffy Lube had some contact with customers.

33. Mr. Brown was terminated from his position with Jiffy Lube on or about May 15, 2002.

34. Jiffy Lube discriminated against Mr. Brown based on his religion by failing to reasonably accommodate Mr. Brown's religious beliefs, relegating him to working in the Lower Bay Lube full-time and away from customers.

35. Mr. Brown has suffered harm and damages from being confined to working in the Lower Bay Lube.

## V. PROCEDURAL HISTORY

36. A charge alleging discrimination by Jiffy Lube on the basis of Mr. Brown's religion was filed on March 5, 2002, with the Massachusetts Commission Against Discrimination ("MCAD"), within 180 days of the discriminatory actions alleged in the charge and at the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

37. The MCAD found probable cause to credit Mr. Brown's claims of discrimination on November 19, 2003.

38. On February 3, 2004, the MCAD dismissed Mr. Brown's case for the purpose of

filing a civil action in court against Jiffy Lube.

39. Mr. Brown received a notice of right to sue from the EEOC on March 5, 2004.

40. This Complaint has been filed within 90 days of receipt of the notice of right to sue provided by the EEOC.

### VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### DISCRIMINATION BASED ON RELIGION IN VIOLATION OF
### 42 U.S.C. § 2000e-2 et seq.

41. Mr. Brown repeats the allegations set forth in paragraphs 1 through 40 above, and incorporates those allegations as if fully set forth herein.

41. The actions and omissions of the defendant described above, and the defendant's failure to reasonably accommodate Mr. Brown's religious beliefs, constitute unlawful discrimination against Mr. Brown based on his religion or creed in violation of 42 U.S.C. § 2000e-2 *et. seq.*, and the regulations thereto at 29 C.F.R. 1605.

42. These discriminatory actions and omissions of the defendant have caused, continue to cause, and will cause Mr. Brown to suffer harm and damages.

### SECOND CAUSE OF ACTION:
### DISCRIMINATION BASED ON RELIGION IN VIOLATION OF G.L. c. 151B, § 4, ¶ 1A.

43. Mr. Brown repeats the allegations set forth in paragraphs 1 through 42 above, and incorporates those allegations as if fully set forth herein.

44. The actions and omissions of the defendant constitute an unlawful discriminatory practice against Mr. Brown based on his religion in violation of G.L. c. 151B, § 4, ¶ 1A.

45. The defendant imposed upon Mr. Brown, as a condition of retaining employment,

terms or conditions compliance with which would have required him to violate, or forego the practice of his creed or religion as required by that creed or religion.

46. The defendant failed to make reasonable accommodation for Mr. Brown's religious practices.

47. The defendant's discriminatory actions and omissions have caused, continue to cause and will cause Mr. Brown to suffer harm and damages.

## VII.   PRAYER FOR RELIEF

The plaintiff Bobby Brown prays the Court to grant him the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue its discriminatory policies and practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of the suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff demands trial by jury on all triable issues.

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon the defendants by mail (by hand) on _____. | BOBBY BROWN<br>By his attorney,<br><br>_____<br>Joel Feldman<br>BBO # 552963<br>Heisler, Feldman & McCormick, P.C.<br>1145 Main Street, Suite 508<br>Springfield MA  01103<br>(413)788-7988<br>(413)788-7996 (fax) |

Dated:_____