UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

CASE NO: CA 04-30105-MAP

BOBBY T. BROWN,
   Plaintiff

v.

F.L. ROBERTS and CO., INC. d/b/a
JIFFY LUBE,
   Defendant



## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

The Defendant denies the allegations contained in the Introduction section of the Plaintiff's Complaint.

### II.   PARTIES

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

### III.   JURISDICTION

3. The Defendant states that no response is required to Paragraph 3 since it fails to set forth any allegations against the Defendant. The defendant does not dispute the jurisdiction of this court.

4. In response to Paragraph 4, the Defendant denies that it engaged in any discriminatory employment practices as alleged in the Plaintiff's Complaint. The Defendant admits that the U.S. District Court is a proper venue for institution of this suit but denies the merits of the claim.

### IV.   STATEMENT OF FACTS

5. In response to Paragraph 5, the Defendant states that the Plaintiff was employed by F.L. Roberts d/b/a Jiffy Lube on approximately three different occasions from July 1, 1999 through approximately May 2002.

231072-1

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

9. In response to Paragraph 9, the Defendant states that Mr. Brown was employed by the Defendant on three separate occasions beginning on or about July 1, 1999. The Defendant is without knowledge regarding whether Mr. Brown had both a beard and mustache but admits that Mr. Brown had facial hair.

10. In response to Paragraph 10, the Defendant states that Mr. Brown was employed by the Defendant on three separate occasions beginning on or about July 1, 1999. The Defendant implemented a new Personal Appearance Policy on or about January 2002 which required all customer contact employees to be clean shaven with no facial hair. The plaintiff was apprised of the new policy prior to its inception and agreed to the policy terms. The Defendant admits that the plaintiff's job included customer contact prior to the inception of its Personal Appearance Policy in 2002.

11. In response to Paragraph 11, the Defendant admits that Mr. Brown was trained in various job functions of the Jiffy Lube and was capable of performing some or all of his job responsibilities.

15. In response to Paragraph 15, the Defendant states that Mr. Brown was advised of the Defendant's new policy regarding personal appearance in 2001 and agreed to the terms of the policy prior to its inception in January 2002. The Defendant admits that it issued a new Employee Handbook which included its new Personal Appearance Policy.

16. The Defendant admits the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant admits the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant admits the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. In response to Paragraph 21, the Defendant states that the plaintiff met with Jiffy Lube management in 2001 and agreed to the terms of the new Personal Appearance Policy scheduled to take effect in 2002.

22. The Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

24. The Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. In response to Paragraph 25, the Defendant denies that Mr. Brown requested an exemption or accommodation from the new policy because of his religion. The Defendant denies that it asked Mr. Brown to cut his facial hair. The Defendant discussed its new Personal Appearance Policy with Mr. Brown in 2001. Mr. Brown indicated that he wished to remain employed by the Defendant without any customer contact and did so for approximately 2 or 3 months in 2002. Mr. Brown and several other employees with facial hair worked in the lower bay.

26. The Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. In response to Paragraph 27, the Defendant states that Mr. Brown was notified of the Defendant's new Personal Appearance Policy in 2001 and specifically asked the Defendant to remain employed in the lower bay area to accommodate his desire to maintain facial hair at work. Mr. Brown agreed to the new Personal Appearance Policy and worked in the lower pay for 2 or 3 months. At no time did Mr. Brown request an accommodation based on his religious beliefs.

28. The Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. The Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. The Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

32. The Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. In response to Paragraph 33, the Defendant states that Mr. Brown was terminated on or about May 22, 2002 due to his violent and threatening conduct toward coworkers, use of vulgar language in the presence of customers, and loud disruption to the work environment, among other reasons.

34. The Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

### V. PROCEDURAL HISTORY

36. In response to Paragraph 36, the Defendant states that no response is required since it fails to set forth any allegations against the Defendant.

37. In response to Paragraph 37, the Defendant states that it was not represented by counsel while this matter was pending before the MCAD. The Defendant admits that the MCAD rendered a "probable cause" finding in this case.

38. In response to Paragraph 38, the Defendant states that no response is required since it fails to set forth any allegations against the Defendant.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Plaintiff's Complaint but calls upon the Plaintiff to prove the same.

### VI. CAUSES OF ACTION
### FIRST CAUSE OF ACTION

41. The Defendant repeats and incorporates the responses contained in Paragraphs 1 through 40 of this Answer as if fully set forth herein.

41. The Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

231072-1

4

## SECOND CAUSE OF ACTION

43. The Defendant repeats and incorporates the responses contained in Paragraphs 1 through 42 of this Answer as if fully set forth herein.

44. The Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. The Defendant denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. The Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47. The Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

### VII. PRAYER FOR RELIEF

WHEREFORE, the Defendant prays that this Honorable Court deny the Plaintiff's Prayer for Relief in its entirety and enter a finding in favor of the Defendant.

### **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The Plaintiff has failed to mitigate his damages as required by law and, as such, is not entitled to recovery.

### **SECOND DEFENSE**

The Plaintiff's claims are barred by the applicable statutes of limitations.

### **THIRD DEFENSE**

The Plaintiff's claim should be dismissed based on a failure to state a cause of action upon which relief can be granted.

### **FOURTH DEFENSE**

The Defendant states that Plaintiff's Complaint should be dismissed for failure to exhaust all administrative remedies.

### **FIFTH DEFENSE**

In further answering, the Defendant states that its Personal Appearance Policy was justified by a legitimate business purpose and was uniformly applied to all employees.

## SIXTH DEFENSE

The Defendant states that its Personal Appearance Policy is neutral on its face and does not violate Title VII of the Civil Rights Act of 1964, 42 USC §2000, 28 USC §1331, 1337, 2201 and 2202 or Mass. General Laws Chapter 151B. *See Cloutier v. Costco Wholesale*, F.Supp. 2d (D.Mass. 2004).

## SEVENTH DEFENSE

In further answering, the Defendant states that the Plaintiff never asked the Defendant for an accommodation based on his religious beliefs or practices.

## EIGHTH DEFENSE

The Defendant states that its policy regarding clean shavenness was a bona fide occupational qualification for servicing the general public.

## NINTH DEFENSE

The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the course of discovery and hereby reserves the right to amend its answer to assert any such defense.

**THE DEFENDANT HEREBY DEMANDS A JURY TRIAL ON ALL COUNTS AND TRIABLE ISSUES.**

The Defendant,
By Its Attorney,

*/s/ Claire L. Thompson*
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
 & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on June 24, 2004

*/s/ Claire L. Thompson*
Claire L. Thompson, Esq.