UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DOCKET NO. 04-30105-MAP

| | |
|---|---|
| BOBBY T. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| F.L. ROBERTS & CO., INC. | ) |
| d/b/a JIFFY LUBE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'OPPOSITION TO DEFENDANT'S MOTION FOR ACCESS TO PROBATION AND CRIMINAL CONVICTION RECORDS OF PLAINTIFF**

I.   INTRODUCTION AND STATEMENT OF FACTS

The plaintiff, Bobby Brown, commenced this action against the defendants for employment discrimination based upon a failure to reasonably accommodate his religious beliefs. This court issued a scheduling order in the case on August 30, 2004, which stated that all written discovery should be served by October 15, 2004 (save requests for admissions), that depositions were to be completed by January 28, 2005 and that requests for admissions were to be served by February 11, 2005.  All discovery requests were therefore to be completed by February 11, 2005.

During this process, the defendants promulgated written discovery to Mr. Brown, including interrogatories.  The defendants chose not to submit requests for admissions.  No written discovery of the defendants requested any information concerning whether Mr. Brown had been convicted of any crimes, or whether he had any experience with the probation offices

1

of the Commonwealth of Massachusetts. The defendants also never sought any third party discovery to obtain criminal or probation records.

On April 8, two month after the deadline for requesting information, the defendants sent plaintiff's counsel a draft of a motion for access to Mr. Brown's criminal and probation records.1

## II.  ARGUMENT

The request by the defendants is a "back-door" attempt to obtain additional discovery after the discovery period has run. This court provided the parties with an explicit discovery schedule, including the deadline for submitting written interrogatories. At any time prior to the end of discovery, the defendants could have directly asked Mr. Brown in writing whether he had been convicted of any crimes, whether he had ever met with the probation department, and could have asked him for documents concerning a criminal conviction. The defendants could also have asked for records from the probation department as part of the discovery process. Mr. Brown would have then provided the currently requested information, under oath, to the defendants.

The defendants, instead, as a matter of strategy or otherwise, chose not to question Mr. Brown on this point during the allowable discovery period. As a result, the defendants simply are out of time to obtain further discovery about Mr. Brown. They have provided no cause for requesting the information late, nor have they requested leave to seek this discovery from the court.

---

1  On April 7, the parties met before Judge Neiman, and discussed scheduling deadlines for motions for summary judgment. At that time, counsel for the defendants first raised the issue of obtaining Mr. Brown's criminal records. Judge Neiman asked whether the motion would have any bearing on the summary judgment motions or schedule, and the response was that it would have no bearing on the motions, but would have some bearing at trial. Judge Neiman indicated that the motion would be better heard further along toward trial if necessary. Judge Neiman did not rule on the discovery deadline issue as it was not raised at the hearing, and no argument on the putative

The defendants may argue that they have just learned about some criminal involvement of Mr. Brown, a point suggested by defendants' counsel on April 7 in court.  However, the plaintiff would have been under an obligation to seasonably supplement its written discovery responses had the question been asked in a timely manner.   The defendants would have had accurate information about the issues being raised in April, which could have been raised as early as six months ago in October.

As Judge Neiman noted, the motion has no bearing on the current procedural status of the case, which is at the summary judgment stage.  The apparent reason for the appearance of the motion now, given its current lack of relevance to the current proceedings, is to embarrass and humiliate the plaintiff by publicly indicating to this court that he may have been involved in criminal activity.  There was, and is, no reason for this court to address such an issue at this time, especially given the late filing of this request.

---

motion was made by the parties.

### III.  CONCLUSION

The defendants raised publicly in court the possibility that Mr. Brown engaged in some recent criminal activity.  The defendants were well out of time for conducting the discovery they now seek, and appear to have raised the issue simply to let this court know about Mr. Brown's allegedly illegal behavior.  The court should deny the motion because the defendants waited six months too long to conduct this discovery.

|  |  |
|---|---|
|  | BOBBY BROWN<br>By his attorney, |
| I hereby certify that a<br>true copy of the above<br>document was served upon<br>counsel for the defendant,<br>by mail (by hand) on<br>_____. | /s/ Joel Feldman<br>Joel Feldman<br>BBO # 552963<br>Heisler, Feldman & McCormick, P.C.<br>1145 Main Street, Suite 508<br>Springfield MA  01103<br>(413)788-7988<br>(413)788-7996 (fax) |

Date:_____