UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

|  |  |
|---|---|
| _____ | DOCKET NO. 04-30105-MAP |
| BOBBY T. BROWN,                       ) | |
|                                                          ) | |
|            Plaintiff,                          ) | |
|                                                          ) | |
| v.                                                     ) | |
|                                                          ) | |
| F.L. ROBERTS & CO., INC.         ) | |
| d/b/a JIFFY LUBE,                        ) | |
|                                                          ) | |
|            Defendant.                       ) | |

STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. Defendant F.L. Roberts & Co, Inc. ("F.L. Roberts") is a domestic corporation in Massachusetts which employs at least fifteen workers. Amended Answer to Plaintiff's Complaint, ¶ 2.

2. Defendant F.L. Roberts employed the plaintiff, Bobby Brown from 1999 through May, 2002, although not continuously, at a Jiffy Lube oil change facility in Hadley, Massachusetts. Amended Answer to Plaintiff's Complaint, ¶ 5; Affidavit of Bobby Brown, ¶ 8.

3. During this period, Bobby Brown, worked at Jiffy Lube in a variety of positions, including as a lower bay technician, upper bay technician, greeter/salesman and cashier. Affidavit of Bobby Brown, ¶ 9.

4. Mr. Brown had customer contact much of the time during his tenure with F.L. Roberts, and is not aware of a single complaint by a customer concerning his appearance. Affidavit of Bobby Brown, ¶ 10.

5.      During the time Mr. Brown worked for the Jiffy Lube in Hadley, Massachusetts, and before that time, Mr. Brown was a practicing Rastafarian. Affidavit of Bobby Brown, ¶ 2.

6.      Rastafarianism is a religion founded by Haile Selassie, and Mr. Brown has been a practicing Rastafarian since about 1991, with a belief in Jah, the name of God in the Rastafarian religion. Affidavit of Bobby Brown, ¶¶ 2, 4.

7.      As part of Mr. Brown's religious practice, he does not shave or cut his facial hair, nor does he cut the hair on his head, and he had engaged in this religious practice for years before and during his employment with F.L. Roberts in Hadley, Massachusetts. Affidavit of Bobby Brown, ¶¶ 2-3.

8.      During his tenure at the F.L. Roberts Jiffy Lube in Hadley, Bobby Brown told an assistant manager, Bryon Fuller and a manager, Warren Spears, about the fact that Mr. Brown was a practicing Rastafarian and that he did not shave his facial hair because of his religion. Affidavit of Bobby Brown, ¶ 12; Affidavit of Bryon Fuller, ¶¶ 3-4 .

9.      Mr. Brown's religious practice includes reading the Bible, visiting with priests of the Rastafarian religion, and not cutting his hair, a mandate which derives for Rastafarians from the Bible. Affidavit of Bobby Brown, ¶ 10.

10.     Up until December 2001, employees of F.L. Roberts at Jiffy Lube could have customer contact and still have facial hair. Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 2).

11.     In December, 2001, F.L. Roberts informed its Jiffy Lube employees that it had changed its policy concerning whether employees who had customer contact could have facial hair; after this time, employees with facial hair at Jiffy Lube could not have customer contact if

they chose to keep their facial hair.  Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 2).

12. After December 2001, F.L. Roberts required any Jiffy Lube employee who wished to keep his facial hair to work only as a Lower Bay Tech.  Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 4).

13. At the time of the policy change concerning facial hair at Jiffy Lube in Hadley, F.L. Roberts had four divisions within the company: an oil change division, a car wash division, a retail gas and convenience store division, and a very small division of wholesale gasoline and oil.  Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti, pp. 10 - 11).

14. The oil change division and car wash division were headed by a man named Richard C. Smith.  Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, p. 7).

15. Mr. Smith made a policy change in the two divisions he headed, the oil change and car wash divisions, to prohibit employees from having facial hair and customer contact.  Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti p. 18).

16. Mr. Smith told the President and owner of F.L. Roberts, Steven Roberts, that he was making a change in the facial hair policy in the Jiffy Lube division. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, p. 111).

17. Mr. Smith discussed the change at a staff meeting of managers.  Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, p. 113)

18. However, the biggest division of F.L. Roberts, the retail convenience store/gas station division, did not make the same change, and F.L. Roberts allowed all those employees,

those with customer contact and others, to keep their facial hair. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti pp. 18-19).

19. Carol Voyik was a Vice President of Operations for F.L. Roberts and head of the retail convenience store division at the time of the Jiffy Lube policy change. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti pp. 18-19).

20. Despite the discussion at a staff meeting by Mr. Smith, and despite Ms. Voyik's explicit discussions with John Borgatti, head of human resources, about the new policy at Jiffy Lube, Ms. Voyik decided she did not care for the facial hair change and did not institute it at any F.L. Roberts gas stations or convenience stores. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti pp. 18-19).

21. F.L. Roberts also owns a restaurant and truck stop off of Interstate 91, in Whately, and a hotel, and all of the employees of the restaurant were, and are, permitted by the company to have facial hair (as seen in copies of the attached photographs) including those with customer contact, as well as employees at the hotel. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti pp. 20-21); Photos attached to Affidavit of Bobby Brown; Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 110).

22. F.L. Roberts prohibited facial hair for customer-contact employees at Jiffy Lube stores, but allowed facial hair for all employees at all of their retail convenience stores and allowed facial hair for all employees at the restaurant it ran on I-91. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti pp. 18 – 21).

23. The owner of F.L. Roberts never required any employee of the gas stations/convenience stores to shave his facial hair, and when Mr. Smith went to those stores, he

saw people with beards and rings. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 111-113).

24. When Bobby Brown heard that the Jiffy Lube in Hadley was going to prohibit customer contact if an employee had facial hair, he spoke to his manager, Warren Spears and his assistant manager, Bryon Fuller, and said that he wanted to maintain customer contact without shaving, since shaving would violate his religious practice. Affidavit of Bobby Brown, ¶ 13; Affidavit of Bryon Fuller, ¶¶ 5-8.

25. Bryon Fuller then told Richard Smith, head of the Jiffy Lube division, that Bobby Brown did not want to shave because of his religious practice, and wanted to keep his customer contact position. Affidavit of Bryon Fuller, ¶¶ 5-8.

26. Mr. Smith told Mr. Fuller that Bobby could work only in the lower bay if he would not shave, and could not have customer contact. Affidavit of Bryon Fuller, ¶ 9.

27. When F.L. Roberts instituted its changed facial hair policy at the Jiffy Lubes, Richard Smith, the head of the Jiffy Lube division, came to the Hadley Jiffy Lube to discuss the changes with employees there in December, 2001 or January, 2002. Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 7).

28. Mr. Smith had a meeting with Bobby Brown concerning Mr. Brown's request that his customer contact not be eliminated simply because his religious practice would not permit him to shave his face. Affidavit of Bobby Brown ¶¶ 15-16; Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith pp. 82-88).

29. Mr. Brown told Mr. Smith that he did not want to shave because of his religious beliefs. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 83);

Affidavit of Bobby Brown, ¶15; Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 11).

30. Mr. Brown also told Mr. Smith that he believed F.L. Roberts was discriminating against him because of its actions. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 83); Affidavit of Bobby Brown ¶ 15. Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 14).

31. Mr. Smith told Bobby Brown that he was would be required to work downstairs all day if he wished not to shave, and Mr. Brown replied that he did not want to work downstairs, that he wanted to work other jobs and not to have to shave his beard because of his religious beliefs. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 83, 86-87). Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 15).

32. Mr. Smith told Mr. Brown that Mr. Smith could not be checking the religion of his workers and that Bobby Brown could work exclusively in the lower bay or not work at Jiffy Lube anymore. Affidavit of Bobby Brown ¶ 16.

33. Mr. Smith told Mr. Brown that he could work only as a lower bay tech if he did not shave as was stated in the employee handbook, and Mr. Brown would not be exempted from complying with the new policy. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 87). Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 20).

34. The F.L. Roberts Jiffy Lube employee handbook stated in 2002 that if an employee wanted customer contact, he had to be clean shaven, and if the employee did not shave

than he was not permitted to hold a job with customer contact.  Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 88).

35. The policy of F.L. Roberts at its Jiffy Lubes after January, 2002 was that any person who did not wish to shave was required to work in the lower bay.  (Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 90).

36. After meeting with Mr. Smith, Bobby Brown was required to work only as a lower bay tech for the remaining duration of his employment with Jiffy Lube, from January 2002 until May, 2002.  Affidavit of Bobby Brown, ¶ 18.

37. F.L. Roberts followed its company policy when it allowed Mr. Brown to work only as a lower bay tech, which meant that an employee could still keep his job and work as a lower bay technician.  Exhibit 1 to Affidavit of Joel Feldman (Response to Plaintiff's Request for Admissions, ¶ 20); Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti p. 42, 53-54).

38. F.L. Roberts did not change its decision about accommodating Bobby Brown's religious practice, even after receiving Mr. Brown's complaint filed at the Massachusetts Commission Against Discrimination while Mr. Brown was still working for F.L. Roberts.  Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti p. 50).

39. From January, 2002 until May, 2002, Mr. Brown was not permitted to work at jobs with customer contact and was required to work all of his shifts in the lower bay, which he referred to as "the hole".  Affidavit of Bobby Brown, ¶¶ 18-19.

40. For Bobby Brown, conditions were much worse in the hole than working at other jobs at Jiffy Lube.  Affidavit of Bobby Brown, ¶ 19.

41.     Many times, Bobby Brown was the only one working in the hole on his shift, and during the winter, the temperature was below freezing and it felt like working in a basement without heat all day.  Affidavit of Bobby Brown, ¶ 22.

42.     Mr. Brown was burned from oil many times in the hole and he would hurt his knuckles and his head from hitting a pipe in the hole.  Affidavit of Bobby Brown, ¶¶ 23 – 24.

43.     Mr. Brown was not rotated to any of the other jobs he had previously, despite his request to Mr. Smith, and he became very frustrated because he felt stuck in freezing, dangerous conditions every work shift, without much opportunity for a break.  Affidavit of Bobby Brown, ¶ 25.

44.     Throughout Mr. Brown's tenure, after the policy change requiring that Mr. Brown have no customer contact, no one ever offered Mr. Brown any kind of accommodation of his religious practice—Mr. Brown was offered employment in the lower bay or termination from Jiffy Lube. Affidavit of Bobby Brown, ¶ 31.

45.     According to F.L. Roberts, despite the policy Jiffy Lube instituted to prevent customers from seeing the facial hair of employees, as a practical matter, employees with facial hair have some incidental customer contact while working at the Jiffy Lube since they move around the premises and leave the lower bay for lunch and other breaks.  Exhibit 1 to Affidavit of Joel Feldman (Response to Plaintiff's Request for Admissions, ¶ 3).

46.     After the facial hair policy was changed, Bobby Brown often observed the personal appearance of those employees with customer contact.  Affidavit of Bobby Brown, ¶ 32.

47. The employees with customer contact often had grease on their hands and arms when they appeared before customers. Affidavit of Bobby Brown, ¶ 33.

                                                                       BOBBY T. BROWN
                                                                       By his attorney,

| | |
|---|---|
| I hereby certify that a | /s/ Joel Feldman |
| true copy of the above | Joel Feldman |
| document was served upon | BBO # 552963 |
| the defendant's attorney | Heisler, Feldman & McCormick, P.C. |
| by mail (by hand) on | 1145 Main Street, Suite 508 |
| _____. | Springfield MA  01103 |
| | (413)788-7988 |
| _____ | (413)788-7996 (fax) |

Dated:_____