UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DOCKET NO: 04 30105-MAP

BOBBY T. BROWN,
    Plaintiff

v.

F.L. ROBERTS and CO., INC. d/b/a
JIFFY LUBE,
    Defendant

### AFFIDAVIT OF RICHARD C. SMITH

I, Richard C. Smith, being duly sworn, on personal knowledge, information and belief hereby depose and say that:

1. I have been employed as Vice President of Operations of the FL Roberts & Co. Inc. Jiffy Lube Division since on or about August 2001. I oversee the day-to-day operations of the Jiffy Lubes and the Golden Nozzle Car Washes owned by FL Roberts & Co., Inc..

2. When I was hired for the position in 2001, one of my goals was to increase Jiffy Lube's sales figures by attracting new customers and enhancing Jiffy Lube's professional public image. I retained the services of Power, Inc. to consult to Jiffy Lube and assist in the development and implementation of strategies and policies to increase Jiffy Lube's business.

3. Steve Gaudreau of Power, Inc. ("Mr. Gaudreau") presented research and statistical data indicating that retail establishments with a "clean shaven Personal Appearance Policy" are more successful than those without such a policy because a significant segment of the consuming public prefers to interact with retail employees who have a more conventional appearance. Mr. Gaudreau stated that Jiffy Lube needed to "make

270757.1

some drastic changes", including adopting a clean shavenness policy to attract and maintain customers in the retail market.

4. Prior to my assuming the Director of Operations position, Jiffy Lube permitted customer-contact employees to have facial hair. Based on the recommendations of our consultant, Power, Inc., I decided to adopt a new Personal Appearance Policy requiring customer-contact employees to be clean-shaven and to have hair that is clean, combed and neatly trimmed or arranged. "Radical departures from conventional dress or personal grooming and hygiene standards" would no longer be permitted. *See Exhibit A.*

5. I met with the employees at each of the Jiffy Lubes, including the Hadley Jiffy Lube, where Mr. Brown was employed in December 2001, to discuss and distribute Jiffy Lube's new Employee Handbook which included the Personal Appearance Policy (page 19 of the Handbook) attached as Exhibit A. The new policy became effective in January 2002.

6. Mr. Brown and other employees were given Jiffy Lube's new Employee Handbook and Hire Packet in December 2001. Mr. Brown initially told Manager Warren Spears and Assistant Manager Brian Fuller that he would not sign the Hire Packet. Mr. Spears and Mr. Fuller told Mr. Brown that he would have to speak to me about the new policy.

7. Mr. Brown then asked me if he could still remain employed at Jiffy Lube without shaving his beard. He did not reference his religious beliefs in that initial conversation. I told Mr. Brown that he and all other employees with facial hair could remain employed at Jiffy Lube without shaving their beards and mustaches by working as lower bay technicians. Mr. Brown agreed to that accommodation.

8. In addition to Mr. Brown, Michael Banas, Scott Morin and Steve Lafreniere all decided to maintain their facial hair and work as lower bay technicians. Mr. Brown and other employees with facial hair were not required to work in the lower bay; they were free to leave the Defendant's employ or apply for a different position. In a subsequent meeting in 2002, Mr. Brown alleged that he was being discriminated against based on his religion.

9. Mr. Brown worked for several years, intermittently, as a lower bay technician prior to January 2002. The job responsibilities for an upper bay lube technician (UBLT) and a lower bay lube technician (LBLT) are virtually identical except the technicians work on different parts of the motor vehicle. (*See Exhibit B.*) The UBLT and the LBLT have constant contact and communication with each other to properly service the customers and their vehicles. Both positions carry the same levels of responsibility. Mr. Brown's hourly rate did not change or decrease by virtue of his transfer from an UBLT to a LBLT. Mr. Brown actually received a Merit Increase from $8.00 per hour to $9.00 per hour effective January 6, 2002. *(See Exhibit C.)*

10. Mr. Brown's employment was terminated on May 22, 2002 for his conduct in using vulgar and threatening language with coworkers in front of customers. Mr. Brown certainly left the lower bay area when there were no vehicles to work on, and for lunch and smoke breaks. In fact, when he was terminated, he was in the customer service area causing a disruption and swearing in the presence of Jiffy Lube customers.

11. Jiffy Lube is only one of the entities or operational divisions owned by FL Roberts & Co., Inc.. Other divisions include the Golden Nozzle Car Washes which I manage, and gas stations, a diner, and a hotel, each of which is managed by a separate

270757.1                                                        3

Operations Manager and governed by its own employee handbook and policies developed by the individual Operations Managers.

12. The Personal Appearance Policy which applies to one division does not necessarily apply to another. When I was hired to be Operations Manager of the Jiffy Lube in 2001, I decided to change the Personal Appearance Policy for Jiffy Lube based on the advice of Power, Inc.. I also changed the Personal Appearance Policy for Golden Nozzle Car Washes which I manage. To my knowledge, the other divisions of FL Roberts & Co., Inc. did not consult with Power, Inc. regarding their policies. FL Roberts & Co., Inc.'s owner, Steven Roberts, approved changes in the Personal Appearance Policies for Jiffy Lube and the Golden Nozzle Car Washes. The other divisions of FL Roberts & Co., Inc. were not subject to the same policies that I adopted and implemented. Each Division Manager developed and implemented his or her own employee handbook and Personal Appearance Policies. The Personal Appearance Policy that I adopted in 2001 did not apply to other divisions or entities owned by FL Roberts & Co., Inc. which I did not manage.

13. The new Personal Appearance Policies which I implemented for Jiffy Lube and Golden Nozzle Car Wash were successful. Sales figures increased from 2001 to 2002.

SUBSCRIBED AND SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS __3rd____ DAY OF JUNE.

BY___/s/Richard C. Smith_____
RICHARD C. SMITH

270757.1                                             4