UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DOCKET NO. 04-30105-MAP

| | |
|---|---|
| BOBBY T. BROWN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| F.L. ROBERTS & CO., INC. | ) |
| d/b/a JIFFY LUBE, | ) |
| | ) |
|        Defendants. | ) |

**PLAINTIFF'S REPLY TO STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    1.    It is undisputed that Mr. Brown worked at Jiffy Lube on the dates described. The fact that Mr. Brown did not ask for a religious accommodation prior to the implementation of the discrimination he alleges is irrelevant, as it occurred before the adverse action was taken against Mr. Brown.

    2.    Disputed. The upper bay lube technician's job, as conducted by Mr. Brown, included much customer contact, and responsibilities that varied considerably from the work he conducted in the lower bay, and the two jobs were not in any way identical. The lower bay job was much more dangerous as well. *See, generally*, Affidavit of Bobby Brown, ¶¶ 19-25; Supplemental Affidavit of Bobby Brown, ¶ 5; Exhibits B and C to Affidavit of Richard C. Smith.

    3.    Undisputed.

    4.    The plaintiff has no firsthand knowledge of the facts included in this paragraph.

    5.    The plaintiff has no firsthand knowledge of the facts included in this paragraph.

6.Disputed. Mr. Gaudreau did not present to Mr. Smith any research and statistical data indicating that retail establishments are more successful with a "clean shaven" policy. Instead, Mr. Smith simply had faith that what Mr. Gaudreau said was accurate. Mr. Smith cannot recall whether Mr. Gaudreau said he had experience with any lube/car wash business which used a "clean shaven" policy. Exhibit 1 to Supplemental Affidavit of Joel Feldman, Deposition transcript of Richard Smith at p. 39, 41.

7.It is undisputed that Jiffy Lube had allowed customer-contact employees to have facial hair prior to 2001, and that Mr. Smith imposed the policy described. It is disputed that "radical departures" from conventional grooming were permitted before Mr. Smith took over the Jiffy Lubes. Exhibit 2 to Supplemental Affidavit of Joel Feldman, Exhibit 1 to Deposition transcript of Richard Smith, personal appearance policy.

8.Undisputed.

9.Undisputed. In addition, Mr. Brown told Mr. Fuller and Mr. Spears that his religion required him to maintain his facial hair, and he said he wished to keep the job duties he had with F.L. Roberts. Affidavit of Bobby Brown, ¶¶ 12 -14.

10.Disputed. Mr. Brown asked Mr. Smith if he could keep his responsibilities with the company while keeping his beard, and also asked Mr. Fuller and Mr. Spears the same thing. Mr. Brown did reference his religious beliefs during his conversations with Mr. Smith. Mr. Brown never "agreed" to accept the lower bay position – he was otherwise threatened with termination. Affidavit of Bobby Brown, ¶¶ 12 -18; Supplemental Affidavit of Bobby Brown, ¶¶ 8 – 13.

11.Disputed. Mr. Brown would have been fired if he did not work in the lower bay.

2

Mr. Smith told Mr. Brown that he could work only as a lower bay tech if he did not shave as was stated in the employee handbook, and Mr. Brown would not be exempted from complying with the new policy. Exhibit 3 to Affidavit of Joel Feldman (Deposition transcript of Richard Smith, pp. 87). Exhibit 1 to Affidavit of Joel Feldman (Defendant's Response to Plaintiff's Request for Admissions, ¶ 20). Mr. Brown does not dispute that he told Mr. Smith he was facing discrimination by the actions of F. L. Roberts.

      12.      Undisputed.

      13.      Disputed. The reasons for Mr. Brown's separation from work are irrelevant and as a result prejudicial, and should be stricken. Mr. Brown often could not take his lunch or other breaks when he was working "in the hole". Affidavit of Bobby Brown, ¶¶ 20 -22.

      14.      Undisputed, except that F.L. Roberts' divisions are all governed by F.L. Roberts' owner, Steven Roberts, as it is one company with four divisions. Exhibit 2 to Affidavit of Joel Feldman (Deposition transcript of John Borgatti, pp. 10 - 11)

      15.      It is undisputed that the "personal appearance policy" has not been implemented in F.L. Roberts' divisions outside of the Jiffy Lube and Golden Nozzle Car Wash divisions. Affidavit of Richard C. Smith, ¶ 12. It is also undisputed that the owner of F.L. Roberts & Co., Inc., Steven Roberts, personally approved the change of policy in the Jiffy Lube and Golden Nozzle Car. *Id.* The plaintiff cannot either dispute or claim as undisputed whether consultations were had between divisions of F.L. Roberts and Power, Inc., nor how division managers developed handbooks, because of lack of information available to him.

16.     Disputed.  Mr. Smith testified at his deposition that: (1) he did not know whether creating a new sales model had more to do with sales increasing than having employees shave (2) that only "more than one" person ever commented on the new "no beard" policy and that (3) Mr. Smith could not prove that the facial hair change increased revenue.  Exhibit 1 to Supplemental Affidavit of Joel Feldman, Deposition transcript of Richard Smith at pp. 45-50.

                                      BOBBY BROWN  
                                      By his attorney,

I hereby certify that a             /s/ Joel Feldman  
true copy of the above           Joel Feldman  
document was served upon      BBO # 552963  
counsel for the defendant,       Heisler, Feldman & McCormick, P.C.  
by mail (by hand) on             1145 Main Street, Suite 508  
_____.                                  Springfield MA  01103  
                                          (413)788-7988  
_____     (413)788-7996 (fax)

Date:_____