UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DOCKET NO: 04 30105-MAP

BOBBY T. BROWN,
    Plaintiff

v.

F.L. ROBERTS and CO., INC. d/b/a
JIFFY LUBE,
    Defendant

**DEFENDANT'S REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION AND STATEMENT OF FACTS

The Defendant, FL Roberts and Co., Inc. ("Roberts") relies on, and adopts herein, the

submissions made in support of its Motion for Summary Judgment, including its Memorandum

in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's

Motion or Summary Judgment, Affidavit of Richard Smith and Affidavit of Claire Thompson.

## II.     ARGUMENT

A. F.L. ROBERTS' REQUIREMENT THAT CUSTOMER CONTACT EMPLOYEES BE
   CLEAN SHAVEN DID NOT CONFLICT WITH BOBBY BROWN'S RELIGIOUS
   PRACTICES AND HE DID NOT SUSTAIN AN ADVERSE ACTION.

Plaintiff, Bobby Brown, ("Mr. Brown") was hired as a lube technician.  Before any

employee handbook revisions, he worked both in the lower and upper bays.  The employee

handbook revisions did not alter Mr. Brown's job duties, only the primary location where he

performed these duties.  Plaintiff was prohibited from customer contact in furtherance of

Roberts's goal to enhance its professional image.  While Mr. Brown may have enjoyed his

273666.1

customer contact during his tenure at Roberts, he was not hired to engage in customer contact, nor are any of Roberts' technicians entitled to customer contact.

Mr. Brown relies on *Wyatt v. City of Boston*, 35 F.3d 13, 15 (1st Cir. 1994) in support of his allegation that he suffered an adverse action. The Plaintiff's reliance on *Wyatt* is misplaced since it deals with adverse actions under 42 U.S.C.A. § 2000e-3 (discrimination against whistle-blowing employees when employers underhandedly retaliate against them). Whistle-blowing discrimination is necessarily different from religious discrimination because religious "accommodations," by their nature, are "two-way streets." Employers are free to take adverse actions after providing a reasonable accommodation or showing undue hardship in doing so. A "two-way street" is going to potentially have some adverse consequence to both employer and employee. To posit that any limitation on an employee's behavior constitutes an adverse action would mean that all employees claiming religious discrimination must be afforded <u>exemptions</u> as a matter of law. In this case, Mr. Brown was not involuntarily transferred or disadvantageously assigned to the lower bay by a retaliatory employer. Rather, Plaintiff worked in the lower bay <u>before</u> the employee handbook changes came into effect.

B. <u>PLAINTIFF'S EXEMPTION UNDER THE POLICY CONSTITUTES AN UNDUE BURDEN TO DEFENDANT.</u>

The plaintiff has taken the position that this action is unlike *Cloutier* because the corporate governance of Costco Wholesale Corp. is different from F.L. Roberts, in that F.L. Roberts has several divisions while Costco Wholesale Corp. does not. This distinction is nonsensical as applied to the facts in this case and as a matter of public policy.

In the first place, only the Jiffy Lube and Golden Nozzle divisions of Roberts hired Power, Inc. as a consultant, not the gas stations, restaurants, or convenience stores. Upon the advice of Power Inc., Jiffy Lube implemented the new personal appearance policy to enhance its

professional image.  There was no recommendation that the other divisions of Roberts impose facial hair limitations on its employees.

The different divisions within Roberts have different needs, locations and operating policies.  Richard Smith, the Operations Manager for Jiffy Lube and Golden Nozzle was of the belief that the lack of financial success of his divisions arose from an unprofessional image. While Mr. Brown now baldly asserts that he would have accepted a transfer into another Roberts division to maintain customer contact, it is obvious from this assertion that Plaintiff, a long-term employee, didn't even know that other divisions existed.  If nothing else, this demonstrates that Roberts' divisions were separate and distinct and operated exclusively from each other.

Of course, Roberts could have implemented a blanket prohibition of facial hair for all Roberts employees.  Mr. Brown suggests that Roberts' decision not to impose the facial-hair prohibition in all divisions is the pinnacle distinction between this case and *Cloutier*.  As a matter of public policy, however, this is illogical.  Such a result would mean that companies, in anticipation of litigation, would have to impose the most restrictive limitations on all its employees just to avoid harm experienced in some segments of the company.  In this case, Roberts would have to require all its employees to shave their facial hair just to ensure that Jiffy Lube's employees were clean shaven.  While Roberts is certainly free to do so, it seems inapposite to the intent of both Title VII and M.G.L ch. 151B, § 4, to compel the Defendant to do so.

Mr. Brown now asserts, more three years after the Employee Handbook revision, that he would have considered a transfer had he known about the other Roberts' divisions.  The argument suggests that Jiffy Lube had a duty to find another job within Roberts for Mr. Brown and an obligation to inform him of other available jobs within other divisions.  While this seems

like a simple solution in hindsight, 1) it was not contemplated in 2002 by either Jiffy Lube <u>or</u> Mr. Brown in light of the separate management of each division and 2) it is not required under either Title VII or M.G.L. ch. 151B, §4. Mr. Brown has not cited a single case where an employer was required to find an employee another job once the undue burden on the employer has been demonstrated. It is clear from the case law that once an employer proves an undue burden, the employer can fire the employee for failing to abide by the company policy.

Mr. Brown ignores the fact that what Plaintiff really requested was an <u>exemption</u>, not an accommodation. While the Plaintiff now asserts that it was Roberts' responsibility to find him another job outside the Jiffy Lube division, he sat passively by awaiting an exemption or accommodation that he found suitable during the term of his employment. Plaintiff wanted to keep his customer contact at F.L. Roberts and maintain his beard: a clear exemption of Jiffy Lube's employment policy constituting an undue hardship on Roberts.

<u>C.  F.L. ROBERTS' STATE CLAIM REMAINS INTACT</u>

While it is true, as plaintiff asserts that "state law requires different behavior, and has different rules, than does federal law in religious accommodation cases," it does not follow that the two are mutually exclusive.  In *Cloutier*, the First Circuit had to parse through appellant's Mass. Gen. Laws ch. 151B, § 4 claim. In deciding that the claim must fail, the court noted that

> Massachusetts courts do not appear to have specifically considered whether exempting an employee from a dress code constitutes undue hardship. Where there are gaps in the application of Chapter 151B, courts turn to case law interpreting Title VII. *Wheatley*, 418 Mass. at 397. "It is our practice to apply Federal case law construing the Federal anti-discrimination statutes in interpreting G.L. c. 151B.").

*Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126,  138 (1st Cir. 2004).

The Court goes on to state "Cloutier's insistence on a wholesale exemption from the no-facial jewelry policy precludes Costco from using its managerial discretion to search for a

reasonable accommodation." Mr. Brown, like Cloutier, sought an exemption rather than an accommodation. This exemption constituted an undue hardship. As such, Plaintiff's Chapter 151B claim, like Cloutier's, must fail.

Finally, Defendant finds it disingenuous of Plaintiff to assert that Defendant's state law claim must "sink" for failing to engage in a "meaningful dialogue" and in the same breath asks this Court to certify a question to the Supreme Judicial Court on this issue because the law is unclear.

DATED: July 1, 2005

F.L. ROBERTS & CO., INC.
D/B/A JIFFY LUBE
BY ITS ATTORNEY,

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P. on July 1, 2005

/s/ *Claire L. Thompson*
_____
Claire L. Thompson, Esq.

 /s/ *Claire L. Thompson*
_____
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
  & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel:  (413) 733-3111
Fax:  (413) 734-3910