UNITED STATES DISTRICT COURT
**DISTRICT OF MASSACHUSETTS**
**WESTERN SECTION**

DOCKET NO: 04 30105-MAP

| |
|---|
| BOBBY T. BROWN,<br>    Plaintiff<br><br>v.<br><br>F.L. ROBERTS and CO., INC. d/b/a<br>JIFFY LUBE,<br>    Defendant |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
CERTIFY QUESTIONS TO SUPREME JUDICIAL COURT

Plaintiff has asked this Court to certify to the Massachusetts Supreme Judicial Court, two questions of law. In the first question, the Plaintiff asks:

> "Does G.L.C. 151B, § 4 (1A) require that an employer engage in an interactive process, or meaningful dialogue, with an employee to investigate whether a reasonable accommodation of an employee's religious practice can be made, in order for an employer to prevail in a "reasonable accommodation" case pursuant to a defense of undue hardship?"

Defendant objects to this question for the following reasons:

1. Question #1 is Premature

Plaintiff asserts that a "meaningful dialogue" between Plaintiff and Jiffy Lube is required to assess whether an employer has reasonably accommodated an employee's religious beliefs, and that the Defendant allegedly failed to participate in such a "meaningful dialogue". The facts illustrate, however, that Plaintiff and representatives of the Defendant did have conversations

274175.1

regarding this issue. Whether or not these conversations were "meaningful" or "interactive" should first be determined rather than ask the Supreme Judicial Court to decide a moot point.

2. Question #1 is a veiled attempt to expand state law:

There has never been a requirement that employers engage in an "interactive process" or "meaningful dialogue" in religious discrimination cases after an employee seeks an exemption to an employment policy. Thus, the question Plaintiff asks is not really a clarification on where the law stands on a novel religious discrimination sub-issue, but a desire to drastically expand state law after seeking redress in Federal court.

   A.  <u>The History of Terms "Meaningful Dialogue" or Interactive Process"</u>

The Massachusetts Commission Against Discrimination has repeatedly required that employers, when dealing with a *disabled* employee, first engage in a "meaningful dialogue" or "interactive process" before determining that an accommodation would constitute "undue hardship." In *MCAD and Marquez v. Massachusetts Bay Transportation Authority*, the defendant refused to hire the plaintiff because the plaintiff requested time off to observe the Sabbath. The MCAD decided to "apply the same rationale and impose the same obligations upon an employer in the context of making "reasonable accommodation to the religious needs of an individual…the statutory language is the same . . . we see no reason to interpret it differently." At best, this agency decision provides instruction on why a Massachusetts court might impose an obligation to require an "interactive process" in determining whether or not an accommodation is reasonable in religious discrimination cases.

The *Marquez* decision is distinguishable, however, because the Complainant never requested an exemption under the employment policy. Thus, even the MCAD has not interpreted the Massachusetts anti-discrimination statute as requiring an interactive process once

an employee seeks an exemption to an employment policy. Once an exemption is requested, there is no room for an "interactive process" because the employee has made clear that his/her position will not change. In our case, Mr. Brown's unwillingness to remove his facial hair and exemption request were conveyed, via dialogue, to his employer.

While it is certainly true that the Massachusetts Supreme Judicial Court can definitively determine a question of state law that no other court has sought to address, it does not follow that Mr. Brown should be asking the court to expand state law. There is a difference between certifying a question on state law and asking the Supreme Judicial Court to expand the law to Mr. Brown's preference.

3. Question #2 is unclear:

Question #2 for certification reads, in relevant part, "Can an employer in a religious "reasonable accommodation" case meet its burden of proof pursuant to a defense of undue hardship by claiming that any accommodation of an employee's religious observance would violate a personal appearance policy…" F.L. Roberts has not suggested that undue hardship can be proven solely by a violation of a personal appearance policy. Obviously, whether hardship exists would depend on the nature of the appearance policy and the nature of the exemption from that policy. Rather, F.L. Roberts asserts in this case, that an exemption to its "no facial hair" policy for customer-contact employees would constitute an undue hardship by way of injury to its professional image. Question #2 lacks sufficient clarity and applicability to the instant case to be certified to the Supreme Judicial Court.

Finally, F.L. Roberts generally objects to Plaintiff's Motion to Certify Questions. "Ordinarily a court will order certification on its own terms. It is in the best position to determine whether it feels confident in its reading of the state law. There is nothing to bar a

party from suggesting the desirability of certification but the court should be slow to honor a request for certification from a party who chose to invoke federal jurisdiction." 17A Fed.Prac. & Proc. Juris.2d § 4248, Wright & Miller Treatise.

  WHEREFORE, the Defendant hereby opposes the Plaintiff's Motion to Certify Questions to the Supreme Judicial Court.

DATED: July 1, 2005

F.L. ROBERTS & CO., INC.
D/B/A JIFFY LUBE
BY ITS ATTORNEY,

*/s/ Claire L. Thompson*
_____
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
  & Murphy, P.C.
1414 Main Street, 19th Floor
Springfield, MA 01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P. on July 1, 2005

*/s/ Claire L. Thompson*
_____
Claire L. Thompson, Esq.

274175.1    4